**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-4286

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY MONTGOMERY,

Plaintiff - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William M. Nickerson, Senior District Judge.  (CR-96-458-WMN)

Submitted:  April 18, 2005          Decided:  May 31, 2005

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Allen F. Loucks, United States Attorney, Jamie M. Bennett, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rodney Montgomery appeals the district court's amended judgment entered on remand resentencing him to 240 months' imprisonment for conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846 (2000). Montgomery asserts the district court erred by applying the first degree murder cross-reference found at U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) in calculating his sentence. Montgomery further contends the sentence was in violation of the rule announced in United States v. Booker, 125 S. Ct. 738 (2005). We conclude the murder was a foreseeable consequence of the drug conspiracy (hereinafter referred to as the "Jones organization") and find the district court's application of § 2D1.1(d)(1) was not erroneous. We further find the sentence was in violation of the rule announced in Booker and remand for resentencing.

It is well-settled that a defendant may be held liable for his co-conspirators' acts performed during and in furtherance of the conspiracy, as long as they could be foreseen or were a natural consequence of the conspiracy. United States v. Carrington, 301 F.3d 204, 211 (4th Cir. 2002). Co-conspirators of a major drug ring such as the Jones organization can be charged with knowledge that firearms and violence are a natural consequence thereof, and it is reasonably foreseeable that such firearms may be used to injure or even kill individuals in furtherance of the

conspiracy. See United States v. Lomax, 293 F.3d 701, 706 (4th Cir.) (stating that "drugs and guns all too often go hand in hand"), cert. denied, 537 U.S. 1031 (2002); United States v. Cummings, 937 F.2d 941, 945 (4th Cir. 1991) (stating "the illegal drug industry is, to put it mildly, a dangerous, violent business. When an individual conspires to take part in a . . . [large drug] transaction . . ., it certainly is quite reasonable to assume that a weapon of some kind would be carried.") (citing United States v. Diaz, 864 F.2d 544, 549 (7th Cir. 1988)). Moreover, Montgomery was aware of the large amount of drugs and money filtered through the Jones organization. Trial testimony revealed that $27,000 to $28,000 was made on a "good day" from drugs supplied by Montgomery. Thus, on these bases, it was reasonably foreseeable that violence, including murder, might be used to protect the assets of the organization.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violations by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate

- 3 -

standards of review for guideline issues), thereby making the guidelines advisory.  Booker, 125 S. Ct. at 756-57.

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2004), and impose a sentence.  This remedial scheme applies to any sentence imposed under the mandatory sentencing guidelines, regardless of whether or not the sentence expressly violated the Sixth Amendment.  Booker, 125 S. Ct. at 769.

Because the minimum term of imprisonment under the sentencing guidelines was greater than the statutory maximum sentence, the district court was directed under U.S. Sentencing Guidelines Manual § 5G1.1(a) to impose the statutory maximum sentence.  On remand, after considering the factors under § 3553(a), the district court may impose the same sentence.  See, e.g., United States v. Hughes, 401 F.3d 540, 556 and n.14 (4th Cir. 2005).

We affirm the conviction and find the district court did not err in applying the cross-reference for murder.  However, because Montgomery's sentence was enhanced based upon facts not found by the jury beyond a reasonable doubt and the sentencing guidelines were used as mandatory, we must vacate the sentence and remand for resentencing consistent with the rule announced in Booker.  We dispense with oral argument because the facts and legal

- 4 -

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART